SARAH L. LITTLE, ESQ. (Bar No. 215635)
**KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE P.C.**
1970 Broadway, Suite 600
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: s.little@kornfieldlaw.com

Proposed Attorneys for Anamarie Avila Farias

KORNFIELD | NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600 Oakland, California 94612

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re

Anamarie Avila Farias,

Debtor.

Case No. 20-40377 CN

Chapter 11

**MOTION FOR APPROVAL OF USE OF CASH COLLATERAL**

Date: TBD
Time: TBD
Ctrm: 215
U.S. Bankruptcy Court
1300 Clay Street
Oakland, CA 94612

Anamarie Avila Farias, Chapter 11 debtor and debtor-in-possession in the above-referenced bankruptcy case ("Debtor"), hereby submits this motion for use of cash collateral, including rents received from the Debtor's rental properties located at 1234 Rolling Hill Court, Martinez, California ("Rolling Hill Property") and 950 Country Run Drive, Martinez, California ("Country Run Property") as follows:

## I. FACTUAL BACKGROUND

On February 19, 2020, the Debtor filed for protection under Chapter 11 of the Bankruptcy Code. The Debtor is currently operating as debtor-in-possession in this bankruptcy case.

The Debtor is the owner of the Rolling Hill Property and Country Run Property. The Rolling Hill Property is currently rented under a residential lease with Keith and Ann Scottsdale and the Country Run Property is currently rented under a residential rental lease with Russ Salva. The Rolling Hill Property generates monthly rent in the amount of $2,400. The Rolling Hill Property has a current market value of $600,000. The Country Run Property generates monthly rent in the amount of $1,875. The Country Run Property has a current market value of $550,000.

The Rolling Hill Property is subject to one Deed of Trust, therefore the monthly rent may be cash collateral as that term is defined under the Bankruptcy Code. The one Deed of Trust and the amount is as follows:

| Deed of Trust | Current Loan Balance | Monthly Payment |
|---|---|---|
| Wells Fargo Home Mortgage | $416,491.58 | $2,448.54 |

The Country Run Property is subject to one Deed of Trust, therefore the monthly rent may be cash collateral as that term is defined under the Bankruptcy Code. The one Deed of Trust and the amount is as follows:

| Deed of Trust | Current Loan Balance | Monthly Payment |
|---|---|---|
| Chase Mortgage | $159,221.00 | $1,728.03 |

The Debtor is current on all obligations and the terms of the Note and Deed of Trust. The Debtor wishes to use the rental income to pay for the expenses of the Rolling Hill and Country Run properties, including the payment of the mortgage, taxes, insurance, property management fees, and homeowner association dues. Attached as **Exhibit A** to the Declaration of Anamarie Farias is a monthly budget showing the expenses for the next 6 months of the Rolling Hill Property. Attached as **Exhibit B** to the Declaration of Anamarie Farias is a monthly budget for the next 6 months setting forth the expenses of the Country Run Property.

## II. ARGUMENT

### A. Use of Cash Collateral Should be Approved Pursuant to 11 U.S.C. § 363 (c)(1) of the Bankruptcy Code.

KORNFIELD | NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600 Oakland, California 94612

The Debtor's use of property of its estate is governed by Section 363 of the Bankruptcy Code Section 363(c) (1) provides in pertinent part that:

> If the business of the debtor is authorized to be operated under section ... 1108 . . . of this Title and unless the Court orders otherwise, the Trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or hearing. 11 U.S.C. § 363(c) (1).

A debtor-in-possession has all the rights and powers of a Trustee with respect to property of the estate, the including the right to use property of the estate in compliance with Section 363. See 11 U.S.C. § 1107(a).

Section 363(c)(2) establishes a special requirement with respect to "cash collateral," by providing that the Trustee or debtor-in-possession may not use, sell or lease "cash collateral" under subsection (c)(1) unless:

(A) Each entity that has an interest in such collateral consents; or

(B) The Court, after notice and hearing, authorizes such use, sale or lease in accordance with the provisions of this section.

"Cash collateral" is defined as "cash, negotiable instruments, documents of title, securities, deposit accounts or cash equivalents in the estate and an entity other than the estate have an interest." 11 U.S.C. § 363(a). It is universally acknowledged that the Debtor's cash "is the life's blood of the business," and the Bankruptcy Court must assure that such "life's blood is available for use, even if to a limited extent." *In re Mickler*, 9 BR 121, 123 (Bankr. M.D. Fla. 1981).

The Debtor requires use of the cash collateral to pay her ongoing operating expenses on the Rolling Hill Property and Country Run Property, including paying the mortgage, property management fees, homeowner association fees, taxes and insurance.

**B. The Secured Creditors Are Adequately Protected.**

The creditors are entitled to protection from the Debtor's use of cash collateral. Although adequate protection is not defined in the Bankruptcy Code, 11 U.S.C. § 361 provides the following

KORNFIELD | NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600 Oakland, California 94612

three non-exclusive examples of what may constitute adequate protection:

> (1) Requiring the Trustee to make a cash payment or periodic cash payments to such entity, to the extent that the . . . use. . under section 363 of this Title . . . results in a decrease in the value of such entity's interest in such property.
>
> (2) Providing to such entity an additional or replacement lien to the extent that such . . . use . . . results in a decrease in the value of such entity's interest in such property; or
>
> (3) Granting such relief . . . as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

The Debtor will make the monthly mortgage payments, pay property management fees, homeowner association fees, property taxes and pay all premiums to insure the Rolling Hill Property and Country Run Property. As such, the secured creditors are adequately protected.

## III. CONCLUSION

Based on the foregoing, the Debtor respectfully requests that the Court enter an order:

(a) Granting the Motion and approving the use of Cash Collateral as set forth herein; and

(b) Any further relief this Court deems appropriate.

Dated: February 27, 2020

Kornfield, Nyberg, Bendes, Kuhner & Little, P.C.

By: /s/ Sarah L. Little
(Bar No. 215635)
Proposed Attorneys for Anamarie Avila Farias

KORNFIELD | NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600 Oakland, California 94612