1  ERIC A. NYBERG, ESQ. (Bar No. 131105)
   CHRIS D. KUHNER, ESQ. (Bar No. 173291)
2  SARAH L. LITTLE, ESQ. (Bar No. 215635)
   **KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE P.C.**
3  1970 Broadway, Suite 600
   Oakland, California 94612
4  Telephone: (510) 763-1000
   Facsimile: (510) 273-8669
5  Email: e.nyberg@kornfieldlaw.com
   Email: c.kuhner@kornfieldlaw.com
6  Email: s.little@kornfieldlaw.com

7  Attorneys for Debtor Anamarie Avila Farias

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| In re | Case No. 20-40377 CN |
|---|---|
| Anamarie Avila Farias, | Chapter 11 |
| Debtor. | **STATUS CONFERENCE STATEMENT** |

Date: March 26, 2020
Time: 10:00 a.m.
Ctrm: 215
U.S. Bankruptcy Court
1300 Clay Street
Oakland, CA 94612

Debtor Anamarie Avila Farias, by and through counsel, hereby submits this statement pursuant to 11 U.S.C. §1188(c):

**General Background**

The Debtor filed her Sub. Chapter 5 of Chapter 11 case after lengthy litigation in the Superior Court of California, Contra Costa County commenced as conservator actions regarding the Debtor's mother and sister. The matter was settled on June 18th, 2019 after a long mediation session and resulted in a confidential Settlement Agreement being drafted and signed by all parties. The Debtor attempted to effect the terms of the Settlement Agreement which required her to list for sale real property located at 950 Country Run in Martinez CA. The Debtor was unable to get her mother or her mother's conservator to sign the listing agreement and asserts this was one

among several breaches of the Settlement Agreement by her mother and other parties, including by filing the Settlement Agreement in this court.

The Superior Court judge ordered a receiver appointed to sell the real property, but as of the bankruptcy petition date the property had not yet been listed for sale. The debtor was facing exponentially increasing attorney's fees for her own counsel and counsel for her mother was insisting on payment of additional attorney's fees for himself as a condition to renegotiating the Settlement Agreement. The Chapter 11 case was filed to accomplish sale of the real estate and payment of the claims without the necessity of a trial in the Superior Court over the breach of contract issues, and for the purpose of minimizing the amount of attorney's fees she would pay related thereto.

**General Case Administration**

a. **Monthly Operating Reports**

The first operating report, covering the period February 19 through March 31st, 2020 is not due until April 21st, 2020. The Debtor intends to comply with this deadline.

b. **Quarterly United States Trustee Fees**

Fees are not required pursuant to 28 U.S.C. §1930(a)(6)(A).

c. **Cash Collateral**

The Debtor has sought and obtained interim permission to use cash collateral to pay secured creditors. The Debtor has paid the March mortgage payments to Wells Fargo and Chase Bank. A final hearing on Debtor's Motion to Use Cash Collateral is set for March 26, 2020 at 10:00 a.m.

d. **Post-Petition Taxes**

No post-petition taxes are currently due.

e. **Funds of the Estate**

The Debtor has closed her bank accounts and opened DIP accounts with Wells Fargo Bank, including two accounts for cash collateral and a general operating account.

The Debtor has appeared for her Initial Debtor's Interview at the office of the United States trustee on March 5, 2020 and has provided the requested documents to the US Trustee and

to Gina Klump, the Chapter 11 Trustee appointed in this case.

The Debtor will appear at her status conference hearing on March 26, 2020 and at the Meeting of Creditors scheduled for March 23, 2020.

**Consensual Plan Efforts**

The bankruptcy case has been pending for less than 30 days. A plan of has not yet been filed. Counsel for the Debtor has had a discussion with Oliver Bray, who represents Anamaria Avila Bugarin, and has had a call with David Hermelin, who is the attorney for the court appointed receiver. Counsel has also attempted to communicate with David Sternberg, the Debtor's probate counsel and creditor, and Dan Vaughn, the Debtor's sister's counsel, who was recently filed a Motion for Relief from Stay. Council's discussion with Oliver Bray centered around the formulation of a consensual Chapter 11 plan and eliciting Bray concerns regarding the case. The discussion with Hermelin was to discuss the desire for a consensual plan, understand what work had been performed by the receiver and counsel to-date and to understand why certain actions were or were not taken since the appointment and what issues, if any, the receiver or Hermelin had that the Debtor should address.

The Debtor intends to sell the property at 950 Country Run, Martinez, CA to fund the chapter 11 plan. She believes she will have satisfied the best interests test and projected disposable income test from those proceeds. The issues will be around how those proceeds are distributed in the plan and how the Settlement Agreement terms will be affected by the requirements of the Bankruptcy Code. It is not clear whether Bray, Bugarin and other professionals are creditors of Farias or have claims against whatever property interests may exist for Bugarin. In order to avoid fighting about those issues further, the Debtor intends to propose a plan that primarily conforms to the Settlement Agreement as it relates to those parties to the extent permissible under the Code.

The Debtor has sufficient income from self-employed income, her husband's wages and rents from the properties to ensure the assets are adequately protected and the mortgage payments are paid. The Debtor has insurance on the property of the estate and those policies have been provided to the U.S. Trustee and Gina Klump.

The Debtor intends to have a draft plan ready to circulate by the time of the Status Conference. Once the plan is drafted, the Debtor will continue working with the parties to work toward a consensual plan.

Dated: March 12, 2020                  Kornfield, Nyberg, Bendes, Kuhner & Little, P.C.

                                             By: /s/ Sarah L. Little
                                                  (Bar No. 215635)
                                                  Attorneys Debtor Anamarie Avila Farias

KORNFIELD | NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600  Oakland, California 94612

# DECLARATION OF SERVICE

I, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 1970 Broadway, Suite 600, Oakland, California 94612.

I am readily familiar with the business practices of my employer, Kornfield, Nyberg, Bendes, Kuhner & Little, P.C., for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business unless indicated below by electronic service.

On March 12, 2020, I served the following documents:

**STATUS CONFERENCE STATEMENT**

by placing copies of said documents in a sealed envelope and served in the manner described below addressed as follows:

*Via-ECF*
Timothy S. Laffredi
Office of the U.S. Trustee - SF
450 Golden Gate Ave.
Suite 05-0153
San Francisco, CA 94102

*Via-ECF*
WELLS FARGO BANK, N.A.
Aldridge Pite, LLP
4375 Jutland Drive, Suite 200
PO Box 17933
San Diego, CA 92117

**SEE ATTACHED SERVICE LIST**

*Via-ECF*
Gina R. Klump
17 Keller Street
Petaluma, CA 94952

*Via-ECF*
JPMORGAN CHASE BANK, N.A.
Aldridge Pite, LLP
4375 Jutland Drive, Suite 200
PO Box 17933
San Diego, CA 92117

*Via-ECF*
Daniel S. Vaughan
Law Offices of Daniel S. Vaughan
1485 Civic Ct. #1330
Concord, CA 94520

I placed such envelopes for collection and mailing at my employer's office following ordinary business practices, addressed to the addressee designated.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of March, 2020 at Oakland, California.

/s/ Gail A. Michael

-5-
Case: 20-40377　Doc# 40　Filed: 03/12/20　Entered: 03/12/20 14:42:30　Page 5 of 6

Cara Lankford, Attorney
23 Altarinda Rd. Suite 215
Orinda, CA 94563-2606

Chase Mortgage
Chase Records Center/Attn: Correspondenc
Mail Code LA4 5555
700 Kansas Ln
Monroe, LA 71203-4774

Anamaria Avila Bugarin
564 Silver Lake Dr.
Fairfield, CA 94534-6811

Daniel S. Vaughn, Attorney
1485 Civic Ct.
Concord, CA 94520-5279

David Hermelin
Hermelin Law Firm
706 Main Street, Suite C
Martinez, CA 94553-1141

Citi/Sears
Citibank/Centralized Bankruptcy
Po Box 790034
St Louis, MO 63179-0034

(p)DISCOVER FINANCIAL SERVICES LLC
PO BOX 3025
NEW ALBANY OH 43054-3025

Frederic Webster, Attorney
3743 Railroad Ave.
Pittsburg, CA 94565-5205

David Sternberg, Attorney
319 Lennon Lane Suite A
Walnut Creek, CA 94598-2418

Isidro Farias
871 Vine Hill Way
Martinez, CA 94553-5855

Jon Webster, Attorney
1985 Bonifacio Street, Suite 102
Concord, CA 94520-2264

Keith and Ann Scottsdale
1234 Rolling Hill Court
Martinez, CA 94553-4856

Law Office of Oliver Bray
736 Ferry Street
Martinez, CA 94553-1624

Law Offices of Austin Nagel
111 Deerwood Rd., Suite 305
San Ramon, CA 94583-1530

MOHELA
Attn: Bankruptcy
633 Spirit Dr
Chesterfield, MO 63005-1243

Russ Salva
950 Country Run Dr.
Martinez, CA 94553-3477

Parkside 7266 HOA
c/o RealManage
P.O. Box 45467
San Francisco, CA 94145-0467

Parkside 7266 Homeowners Association Inc
P.O. Box 803555
Dallas, TX 75380-3555

The Demiris Law Firm
700 Ygnacio Valley Rd., Suite 140
Walnut Creek, CA 94596-8235

Specialized Loan Servicing/SLS
Attn:  Bankruptcy Dept
8742 Lucent Blvd #300
Highlands Ranch, CO 80129-2386

Terence Murphy, Attorney
2280 Diamond Blvd., #440
Concord, CA 94520-5764

Wells Fargo Bank
Mac F823f-02f
Po Box 10438
Des Moines, IA 50306-0438

Wells Fargo
Attn: Bankruptcy Dept
PO Box 659558
San Antonio, TX 78265

Wells Fargo Home Mortgage
PO Box 10335
Des Moines, IA 50306-0335

Discover Financial
Attn: Bankruptcy Department
Po Box 15316
Wilmington, DE 19850