ERIC A. NYBERG, ESQ. (Bar No. 131105)
CHRIS D. KUHNER, ESQ. (Bar No. 173291)
SARAH L. LITTLE, ESQ. (Bar No. 215635
**KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE P.C.**
1970 Broadway, Suite 225
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: e.nyberg@kornfieldlaw.com
Email: c.kuhner@kornfieldlaw.com
Email: s.little@kornfieldlaw.com

Attorneys for Anamarie Avila Farias

KORNFIELD | NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600 Oakland, California 94612

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>**Anamarie Avila Farias**<br><br>______________________________Debtor(s)/ | **CHAPTER 11**<br><br>**CASE NO. 20-40377 CN**<br><br>**OPPOSITION TO MOTION FOR RELIEF FROM STAY**<br><br>Date: June 20, 2019<br>Time: 11:00 a.m.<br>Ctrm: 215<br>U.S. Bankruptcy Court<br>1300 Clay Street<br>Oakland, CA 94612 |

Debtor Anamarie Avila Farias, by and through counsel, hereby opposes the Motion for Relief from Stay filed by Judith Avila on the following grounds:

**I. Judith Avila Lacks Standing to Bring the Motion**

**1.** The Settlement Agreement was entered into by the Debtor, represented by David Sternberg ("Sternberg") & Konstantine Demiris ("Demiris") and the following parties and their counsel: the debtor's mother Anamaria Avila Bugarin ("Bugarin") represented by court-appointed counsel Oliver Bray ("Bray"); her sister Judith Avila, represented by court appointed attorney Vaughan; Kelly Ann Hayes ("Hayes"), fiduciary and court-appointed temporary conservator, represented by Frederick Webster ("Webster"); her sister Rosemary Avila Griffin ("Griffin") who

was self-represented; her brother Jose-Luis Avila represented by Cara Lankford ("Lankford"); and Terrence Murphy, the court-appointed referee ("Murphy".)

**2.** On June 14, 2019 after many hours of mediation, the parties drafted and entered into a confidential Mediation Agreement and Release of Claims ("Settlement Agreement") which was attached as an exhibit to the Motion for Relief from Stay filed by attorney Daniel Vaughan ("Vaughan") on behalf of Judith Avila ("Avila") as docket 29.

**3.** The Settlement Agreement resolved two petitions for conservatorship that the Debtor initiated regarding her mother Bugarin and sister Avila, who had been residing with the Debtor in an in-law unit at her primary residence for 25 years. The Debtor had been providing housing and other financial support for them during this time. The Settlement Agreement also resolved temporary restraining orders brought by and against various parties, which were contested matters. The Settlement Agreement resolved the ownership issues of three parcels of real property that the Debtor owned.

**4.** The Settlement Agreement required, in relevant part, that the conservatorship actions be dismissed, that the real property at 950 Country Run be sold by a listing realtor selected by the Debtor and subject to approval by Murphy. After secured liens were paid, the agreement provided for specific distributions of the sale proceeds, including $115,000.00 for the benefit of Bugarin, $115,000 for attorney fees to Demiris for attorney fees and costs, which included fees owed to Sternberg, and $55,000 to the trust account of Bray for payment of court appointed attorney and fiduciary fees. The agreement required the parties to cooperate in carrying out the mandatory duties set forth in the agreement.

**5.** The only provision of the Settlement Agreement that related to Judy Avila, was that the conservatorship action be dismissed, which it was on August 19, 2019. Nothing in the Settlement Agreement requires any further performance by the Debtor as to Avila.

**6.** Attorney Daniel Vaughan was included in the parties to be paid from funds from the sale of real property, however no specific amount was indicated for his fees, and this attorney was not entitled to attorney fees other than what he is to be paid by the court appointed attorney program he is contracted with.

KORNFIELD | NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600 Oakland, California 94612

Judith Avila is not a creditor and performance as to any obligations to her has been complete as of August 2019 when the conservator action was dismissed.

**II. The Debtor Did Not Breach the Settlement Agreement**

**7.** The Settlement Agreement was breached when neither Bugarin nor her conservator Kellie Hayes failed to sign the listing agreement for the sale of 950 Country Run. The Debtor made multiple efforts to get the listing agreement signed either by Hayes or Bugarin, through her attorney Bray, but she has not signed the listed agreement to date. The Settlement Agreement was also breached by Bugarin's failure to keep the agreement confidential.

**8.** As soon as the Settlement Agreement was executed, the Debtor commenced to sell 950 Country Run. She engaged Robert Korn, the listing agent identified in the Settlement Agreement. On June 21, 2019. She emailed Hayes advising she was working with real estate broker Robert Korn ("Broker") and requesting she cooperate in signing the listing agreement as the temporary conservator for Bugarin. the Broker also emailed Hayes on that date. See email thread attached as Exhibit B, page 2-3 to Declaration of Farias In Support of Opposition.

**9.** On June 26, 2020, Robert Korn ("Broker") emailed referee Murphy introducing himself as the broker engaged by me to sell the property, identifying the condition of the property and setting forth issues and questions related to who would be signing the listing agreement, since Bugarin was on title and since Kellie Hayes was the temporary conservator of Bugarin. The Broker's email also indicated that he had emailed Hayes the prior week but had no response from her regarding execution of the listing agreement and other documents related to the sale. See Exhibit B to Declaration of Farias In Support of Opposition.

**10.** On July 9, 2019, referee Murphy responded to the Broker's email of June 26, 2019, advising that he had no objection to Korn serving as broker and indicating that Hayes was the person with authority to sing the listing agreement on behalf of Bugarin. See Exhibit C to Declaration of Farias In Support of Opposition.

**11.** During July the Broker and Debtor continued to reach out to Murphy, Hayes and Bray to get the listing agreement signed by Bugarin or Hayes. On July 9, 2019 counsel Sternberg emailed Murphy suggesting that perhaps Bugarin did not need to sign the listing agreement. Murphy

KORNFIELD | NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600 Oakland, California 94612

responded via email that he disagreed and thought that Burgarin's temporary conservator needed to sign the listing agreement. Hayes and her counsel Webster, as well as Bray were copied on this email. See Exhibit C to Declaration of Farias In Support of Opposition.

**12.** On July 19, 2019, counsel Sternberg sent a letter to Webster, counsel for Hayes addressing her position that she did not need to sign the listing agreement and requesting she reconsider that position and sign the agreement. Bray, Murphy and Lankford were copied on this communication. See Exhibit D to Declaration of Farias In Support of Opposition.

**13.** In anticipation of quickly selling the property, on or about June 18, the Broker put a "Coming Soon" sign in the front yard of 950 Country Run and despite Bugarin not signing the listing agreement and the property not being listed; the sign generated interest. On July 23, 2019 the Broker emailed the Debtor that someone was interested in seeing the property, see Exhibit E to Declaration of Farias In Support of Opposition. The property was shown to the prospective buyer and on July 26, 2019 the Debtor received on offer to purchase the property by Melinda West and Nic West for $620,000.00 with a $5,000 credit. A copy of the offer is attached as Exhibit F to Declaration of Farias In Support of Opposition.

**14.** On August 7, 2019 counsel Sternberg sent another letter to Webster and Bray regarding the need for Bugarin or Hayes to sign the listing agreement and advising that the failure to sign the listing agreement was a breach of the settlement agreement, see Exhibit G to Declaration of Farias In Support of Opposition. On August 8, 2019 Webster sent a reply letter to Sternberg that Hayes would not sign the listing agreement because the conservatorship proceeding was to be dismissed, see Exhibit H to Declaration of Farias In Support of Opposition.

**15.** On September 25, 2019, counsel Sternberg wrote a letter to Bray in response to Bray's demand to sign the listing agreement detailing the breaches of the Settlement Agreement by Bugarin, Avila and Jose-Luis Avila, see Exhibit I to Declaration of Farias In Support of Opposition.. The most significant breach was Bugarin's failure to cooperate with sale of the property in July which caused the Debtor to lose an offer made on the property. That breach caused actual damages to the Debtor and her Broker, because the missed a sale and the window to sell the property during a favorable market.

KORNFIELD | NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600 Oakland, California 94612

**16.** Bugarin and Jose-Luis Avila had also breached the Settlement Agreement immediately after it was signed and continually thereafter by not complying with the confidentiality provision and stay away orders. They began bad mouthing the Debtor and discussing the settlement agreement with other family and in the Martinez community, as further detailed in Exhibit I to Declaration of Farias In Support of Opposition.

**17.** In response to Sternberg's September 25, 2019 letter to Bray, On October 2, 2019 Bray filed an Ex Parte Petition to Enforce Agreement and Appoint A Receiver to Sell Real Property and Complete Settlement, which was set for hearing on November 4, 2019, see Exhibit J to Declaration of Farias In Support of Opposition. Debtor's counsel filed opposition to the petition alleging that Bugarin breached the agreement as more fully set forth in the opposition, see Exhibit K to Declaration of Farias In Support of Opposition..

**18.** Frustrated by the lack of cooperation in getting the property sold, on November 4, 2019 Judge Sugiyama ordered the appointment of receiver Pamela Regatuso ("Regatuso") to list and sell the real property and left the issues of breach of the settlement for to be determined at a trial, see Exhibit L to Declaration of Farias In Support of Opposition. Regatusol hired David Hermalin ("Hermalin") as her counsel.

**19.** On November 22, 2019, Rob Korn received another offer from the same interested buyer, which he forwarded to the Debtor, see Exhibit M to Declaration of Farias In Support of Opposition.. On November 26, 2019 Demiris contacted Hermanlin to advise that an offer had been made. Hermalin responded on November 26 that he was out of the office that week, and wanted to know if the buyer was willing to take subject to the tenant, otherwise it would take a few months to evict the tenant, see Exhibit N to Declaration of Farias In Support of Opposition. No action was taken by the receiver or her counsel regarding the offer. The Receiver is not and has not been collecting the rent or maintaining the property, the Debtor has been doing this. As of the bankruptcy petition date, the receiver had not listed the property for sale.

**20.** During the period after the November 4 hearing, Bray and Debtor's counsel communicated regarding revising the Settlement Agreement. Bray emailed Debtor's counsel that he would work on a settlement if the Debtor agreed to pay additional attorney fees and costs. See

KORNFIELD | NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600 Oakland, California 94612

Exhibit O. When the Debtor received a breakdown of the additional fees and costs he was asking her to pay on top of what was already provided for in the Settlement Agreement, she felt that the re-negotiation was nothing more than a shakedown for more fees from Bray, which was not the Debtor's responsibility to pay. Bray should have been paid by Contra Costa County, as a court-appointed attorney, or from the conservator's estate.

The probate court did not make any determination that the Debtor breached the settlement agreement. The Judge set that issue for trial and appointed a receiver to get the property sold and the proceeds held pending the trial on the breach of agreement. The agreement was poorly drafted and a trial on who breached first will do nothing but diminish the bankruptcy estate and the conservatee estate (if one even exists at this point). The Debtor intends to propose a bankruptcy plan that immediately liquidates 950 Country Run and pay claims from the proceeds.

Wherefore, the Debtor requests the Motion for Relief from Stay be denied.

.

Dated: March 17, 2020

Kornfield, Nyberg, Bendes, Kuhner & Little, P.C.

By: /s/ Sarah L. Little
(Bar No. 215635)
Attorneys Anamarie Avila Farias

KORNFIELD | NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600 Oakland, California 94612



Case: 20-40377 Doc# 47 Filed: 03/17/20 Entered: 03/17/20 12:06:55 Page 6 of 8

KORNFIELD | NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600 Oakland, California 94612



Case: 20-40377 Doc# 47 Filed: 03/17/20 Entered: 03/17/20 12:06:55 Page 7 of 8

KORNFIELD | NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600 Oakland, California 94612

## DECLARATION OF SERVICE

I, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 1970 Broadway, Suite 600, Oakland, California 94612.

I am readily familiar with the business practices of my employer, Kornfield, Nyberg, Bendes, Kuhner & Little, P.C., for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On March 17, 2020, I served the following documents: **Opposition to Motion for Relief from Stay, Declaration of Anamarie Avila Farias in Support of Opposition**

Via electronic service on all registered ECF participants, including Daniel Vaughan, Movant, and the U.S. Trustee

and by placing copies of said documents in a sealed envelope and served in the manner described below addressed as follows:

I placed such envelopes for collection and mailing at my employer's office following ordinary business practices, addressed to the addressee designated.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of March, 2020 at San Ramon, California.

/s/ Sarah Little