Jon Webster (Cal. State Bar No. 138786)
Dustin Burton (Cal. State Bar No. 327097)
JON WEBSTER LAW GROUP, APC
1985 Bonifacio Street, Suite 102
Concord, California 94520-2264
Telephone: (925) 609-7600
Facsimile: (925) 671-7800

Attorneys for Jose Luis Avila

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re:<br><br>ANAMARIE AVILA FARIAS | Case No. 20-40377<br><br>**JOSE LUIS AVILA'S JOINDER IN JUDY AVILA'S MOTION FOR RELIEF FROM STAY RE: CONTRA COSTA COUNTY PROBATE CASES**<br><br>Date: March 20, 2020<br>Time: 11:00 am<br>Courtroom: 215<br>Courthouse: 1300 Clay Street, Oakland, California 94612 |

Jose Luis Avila, by and through his attorney of record, Jon Webster, hereby joins in the Motion for Relief from Stay Re: Contra Costa County Probate Cases filed by Judy Avila on or about March 4, 2020, (Doc# 29). This pleading is supported by the declarations of Jose Luis Avila and Jon Webster.

As verified by those declarations the following facts are revealed and are relevant to the Court's consideration of the pending motion filed by Judy Avila.

1. Jose Luis Avila (hereinafter, "Jose") is the half-brother of the debtor, Anamarie Avila Farias (hereinafter, "Anamarie" or "Debtor"). Jose is also the son of Anamaria Bugarin ("Mother") and the brother of the moving party, Judy Avila ("Judy").

///


Case: 20-40377 Doc# 48 Filed: 03/17/20 Entered: 03/17/20 21:36:06 Page 1 of 5

2. In March 2018, Mother, a 77-year-old woman, and Judy, a developmentally challenged 43-year-old adult, petitioned the Superior Court of Contra Costa County for a Temporary Restraining Order against the Debtor for physical violence committed against Mother (See, "Exhibit A"). This was necessary because, as averred therein, on or about February 18, 2018, Mother "was on the telephone with [her] oldest daughter when [Debtor] stormed into my house yelling, 'Bitch you're the worst mother in the world, and you are not my mother anymore.' [Debtor] grabbed the telephone away from [Mother] swings [sic] and hit [Mother] on [her] right wrist." (See, "Exhibit A," Section 10, Description of Abuse, subsection b (3).

3. On March 14, 2018, the Commissioner Lowell Richards of the Superior Court of Contra Costa County issued a Temporary Restraining Order against Debtor based on Mother's petition (See, "Exbibit B"). Collectively, this action is known and referred to hereinafter as, "the TRO Proceedings".

4. On April 9, 2018, attorney Jon Webster (hereinafter, "Counsel") was retained and substituted in as counsel for Mother in the Restraining Order matter (See, "Exhibit C").

5. At the time of his retention, both Mother and Judy were living in the guest cottage adjacent to the home in which Debtor and her family resided ("Vine Hill Property"). As counsel was preparing the case in chief in the TRO Proceedings, he received a call from an anonymous female stating that, in addition to the asserted physical abuse alleged in the TRO Proceedings, Debtor had financially abused Mother. As a result of that call, counsel began an inquiry into possible financial abuse of Mother by Debtor.

6. In the course of that investigation, the evidence (both documentary and oral statements) indicated that Debtor had, between November 2008 and November 2009, allegedly misappropriated approximately $20,000 from a certificate of deposit held in the name of Mother that Mother had designated as reserved for her funeral expenses.

///

///

///


Case: 20-40377 Doc# 48 Filed: 03/17/20 Entered: 03/17/20 21:36:06 Page 2 of 5

7. Further, counsel determined that on or about August 25, 2008, without Mother's knowledge or consent, Debtor and her husband gifted their title to the Vine Hill Property, title to the property that had been the family home since 1994, ("the Country Run Property") and a rental property purchased by Debtor and her husband in 2002 ("the Rolling Hills Property") to Mother (See, "Exhibit D", "Exhibit E" and "Exhibit F" reflecting grant deeds recorded in Contra Costa County, Recorded Document Nos. 2008-189788, 2008-189789 and 2008-189787, respectively.)

8. Moreover, in 2014, while Debtor served on the City Council of the City of Martinez, Debtor appears to have desired to vote on a project that was within 500 feet of the Rolling Hills Property. Debtor sought an opinion letter from the California Fair Political Practices Commission, (See, "Exhibit G"), as to whether a conflict of interest existed pursuant to California Government Code Section 87100. Therein, the Debtor represented:

> **My mother, Anamaria Bugarin Avila, is the owner of a home that is purportedly within 500 feet of the project site**. When my mother purchased the property in 2008, she was unable to qualify for a loan to purchase the home. In order to assist, I guaranteed the loan. My mother provided the down payment and has made the loan payments ever since. **My mother is the sole owner of the property and the grant deed shows that she holds title solely in her name.** Under my mother's will, the entire interest in the property will pass to my mother's grandchildren. **I have no interest (recorded, unrecorded or otherwise) in the home, and I have no ability to encumber, transfer or cause the transfer of the property**. I am only the guarantor on the loan.

{Emphasis not in original}

9. The above statements were false. Indeed, Debtor's petition lists the mortgage holder as a creditor. However, to resolve the TRO Proceedings and avoid the costs of civil litigation by Mother against Debtor, a private, facilitated mediation occurred on or about May 9, 2018. That mediation concluded unsuccessfully. Thereafter, counsel notified Debtor's attorney, David Sternberg, that Mother would be exercising her right as the landlord to serve Debtor with Sixty Day Notices to Vacate from the Vine Hill Property from which the TRO Proceedings arose and the Rolling Hills Property.

///


Case: 20-40377 Doc# 48 Filed: 03/17/20 Entered: 03/17/20 21:36:06 Page 3 of 5

10. Immediately thereafter, Debtor initiated conservatorship proceedings against both Mother [Case No. MSP18-00955] and Judy [Case No. MSP18-00956] in the Superior Court of Contra Costa County.

11. While the temporary conservatorships were ultimately dismissed by the Superior Court, the proceedings caused Mother, Judy and Jose to incur substantial attorneys' fees in addition to acute mental distress.

12. On June 14, 2019, a second, facilitated mediation was held to finally and fully resolve the claims and obtain a fund from which the court appointed attorneys for Mother and Judy could be paid, and for which Mother and Judy could use to purchase a home or otherwise provide for housing. A true and correct copy of the same is attached to the Motion for Relief from Stay Re Contra Costa County as "Exhibit A" thereto. As noted thereon, the Honorable John H. Sugiyama, Judge of the Superior Court approved the Settlement Agreement on June 18, 2019.

13. The Settlement Agreement required Mother to relinquish her title to the Vine Hill Property and the Rolling Hills Property and mandated that the Country Run Property be sold. While Judge Sugiyama held in his November 13, 2019 Order Appointing Receiver, that Mother has complied with all obligations of the Settlement Agreement, he ruled that the Debtor refused to perform her obligation to list the Country Run Property for sale as agreed.

14. A subsequent trial date was set by Judge Sugiyama for a hearing on the alleged breaches of the Settlement Agreement. Debtor filed this bankruptcy and the automatic stay superseded that hearing.

15. The conduct herein set forth necessitated the present Motion for Relief from Stay which is now being joined by Jose. It should be granted. Essentially, the Debtor has coldly and calculatedly evaded her responsibility for deceiving this Court, the California State Courts and frankly, the citizens of the City of Martinez, let alone the California Fair Political Practices Commission. Fundamentally, Debtor's deceitful conduct as set forth herein should be a bar to the plenary equitable powers of this Court.

///


Case: 20-40377 Doc# 48 Filed: 03/17/20 Entered: 03/17/20 21:36:06 Page 4 of 5

WHEREFORE, Relief from Stay should be granted so that the Contra Costa County Superior Court regains jurisdiction over and is able to enforce the Settlement Agreement in Case Nos. MSP18-00955 and MSP18-00956, and that the Superior Court be entitled to enter a final judgment regarding the properties identified hereinabove, and that judgment be recognized by this Court.

Respectfully submitted this 17th day of March, 2020.

JON WEBSTER LAW GROUP, APC

By: /s/ *Jon Webster*
JON WEBSTER
Attorney for JOSE LUIS AVILA


Case: 20-40377 Doc# 48 Filed: 03/17/20 Entered: 03/17/20 21:36:06 Page 5 of 5