**Fill in this information to identify the case:**

Debtor name **Anamarie Avila Farias**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF CALIFORNIA

Case number (if known) **20-40377**

☐ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11

**02/20**

**Anamarie Avila Faria's 's Plan of Reorganization, Dated 4/17/2020**

[If this plan is for a small business debtor under Subchapter V, 11 U.S.C. § 1190 requires that it include "(A) a brief history of the business operations of the debtor; (B) a liquidation analysis; and (C) projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization." The Background section below may be used for that purpose. Otherwise, the Background section can be deleted from the form, and the Plan can start with "Article 1: Summary"]

**Background for Cases Filed Under Subchapter V**

**A. Description and History of the Debtor's Business**

The Debtor is an Individual. For over 15 years the Debtor has been in the business of real estate rentals.

The Debtor and certain family members were in litigation ("Litigation") to address disputes over ownership of the Debtor's properties, restraining orders and conservatorships of the Debtor's mother, Anamaria Bugarin and the Debtor's sister, Judith Avila. The Litigation resulted in a settlement agreement ("Settlement Agreement") which required Bugarin to deed two properties back to the Debtor and for the Debtor and Bugarin to sell the real property at 950 Country Run Dr., Martinez, CA. ("Country Run Property") Bugarin deeded the two properties back to the Debtor, but the Country Run Property was not sold prior to this bankruptcy case being filed. The Debtor contends Bugarin failed to timely execute a listing agreement which resulted in an inability for Debtor to accept two offers made on the property or for it to marketed.

Debtor and Bugarin both alleged breaches of the Settlement Agreement and a trial was to be scheduled to determine the issues of breach and damages. The Debtor faced mounting attorney fees to prosecute the breach of contract claims in the Litigation.

The bankruptcy plan proposes to implement the sale of the Country Run Property and distribute the funds to Bugarin and her professionals as set forth previously in the Settlement Agreement.

**B. Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit **A**.

**C. Ability to make future plan payments and operate without further reorganization**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information as Exhibit **B**.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $ **42,315.48**.

The final Plan payment is expected to be paid 15 days after the close of escrow of the Country Run Property.

[Summarize the numerical projections, and highlight any assumptions that are not in accord with past experience. Explain why such assumptions should now be made.]

The timing of sale is uncertain given the current global pandemic and shelter-in-place orders. The Debtor will make every effort to list the property immediately, but there is a tenant in the property who is subject to heightened protections from eviction by recent California executive orders as well as local measures adopted which prevent evictions.

It is anticipated the property can be sold within 90 to 120 days, conditioned on shelter-in-place order status.

Debtor believes that the Country Run Property should sell for approximately $600,000.00, after payment of closing costs, est. $42,000, payoff of the 1st Deed of Trust to Chase, est. $159,221.00, payment of capital gains of $110,000 and distribution of $115,000 to Bugarin, $55,000 to Bugarin's professionals and $33,190.00 to The Demiris law firm for it's attorney fee lien, the Debtor projects $85,588.30 is available to fund the plan.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

## Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of (the *Debtor*) from [Specify sources of payment, such as an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income].

This Plan provides for: __0__ classes of priority claims;

__7__ classes of secured claims;

__1__ classes of non-priority unsecured claims; and

___ classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately ___ cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

2.01 **Class 1** All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)).

[Add classes of priority claims, if applicable]

**2.02 Class 2**

**2.1** The claim of **Chase Mortgage/950 Country Run Dr., Martinez, CA**, to the extent allowed as a secured claim under § 506 of the Code. **The Claim will be paid in full from proceeds of the sale of real property. Debtor will maintain mortgage payments until property is sold.**

**2.2** The claim of **Specialized Loan Servicing/871 Vine Hill Way, Martinez, CA**, to the extent allowed as a secured claim under § 506 of the Code. **Debtor will maintain mortgage payments. Loan is not in default, claim is not impaired.**

**2.3** The claim of **Wells Fargo Bank/871 Vine Hill Way, Martinez, CA**, to the extent allowed as a secured claim under § 506 of the Code. **The claim will be paid in full over 10 years/120 months at $781.00 per month starting 30 days after effective date of plan.**

**2.4** The claim of **Wells Fargo Bank/1234 Rolling Hill Court, Martinez, CA**, to the extent allowed as a secured claim under § 506 of the Code. **Debtor will maintain mortgage payments. Loan is not in default, claim is not impaired.**

**2.5** The claim of **Demiris Law Firm/Secret Attorney Lien**, to the extent allowed as a secured claim under § 506 of the Code. **The Claim will be paid in full from proceeds of the sale of the Country Run Property.**

**2.6** The claim of **Anamaria Bugarin/Secured claim or equitable interest**, to the extent allowed as a secured claim under § 506 of the Code. **The claim will be paid in full from proceeds of sale of Country Run Property. If claimant accepts the plan, she will be treated as secured and paid from escrow. If Claimant objects to the plan, claim will be classified as an equitable interest and not a secured creditor.**

**2.7** The claim of **Oliver Bray & Bugarin Professionals/Secured claim or equitable interest**, to the extent allowed as a secured claim under § 506 of the Code. **The claim will be paid in full from proceeds of sale of Country Run Property. If claimant accepts the plan, he will be treated as secured and paid from escrow. If Claimant objects to the plan, claim will be classified as claim against Bugartin's equitable and not a secured creditor.**

[Add other classes of secured creditor, if any. *Note*: Section 1129(a)(9)(D) of the Code provides that a secured tax claim which would otherwise meet the description of a priority tax claim under § 507(a)(8) if the Code is to be paid in the same manner and over the same period as prescribed in § 507(a)(8).]

**2.03 Class 3**

All non-priority unsecured claims allowed under § 502 of the Code.

[Add other classes of unsecured claims, if any.]

**2.04 Class 4**

Equity interests of the Debtor. (If the Debtor is an individual, change this heading to *The interests of the individual Debtor in property of the estate.*)

## Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

**3.01 Unclassified claims**

Under section § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes.

**3.02 Administrative expense claims**

Each holder of an administrative expense claim allowed under § 503 of the Code, [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

Or

Each holder of an administrative expense claim allowed under § 503 of the Code, [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid [specify terms of treatment, including the form, amount, and timing of distribution, consistent with section 1191(e) of the Code].

[Note: the second provision is appropriate only in a subchapter V plan that is confirmed non-consensually under section 1191(b).]

**3.03 Priority tax claims**

Each holder of a priority tax claim will be paid [Specify terms of treatment consistent with § 1129(a)(9)(C) of the Code].

**3.04 Statutory fees**

All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date.

3.05 **Prospective quarterly fees** All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code

## Article 4: Treatment of Claims and Interests Under the Plan

4.01 **Claims and interests shall be treated as follows under this Plan:** **See Exhibit C**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claims** excluding those in Article 3 | ☐ Impaired<br>☐ Unimpaired | [Insert treatment of priority claims in this Class, including the form, amount and timing of distribution, if any.<br>For example: "Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan, or the date on which such claim is allowed by a final non-appealable order. Except: ____."]<br>[Add classes of priority claims, if applicable] |
| Class 2 – **Secured claim of**<br>[*Insert name of secured creditor.*] | ☐ Impaired<br>☐ Unimpaired | [Insert treatment of secured claim in this Class, including the form, amount and timing of distribution, if any.]<br>[Add classes of secured claims if applicable] |
| **Class 3 – Non-priority unsecured creditors** | ☐ Impaired<br>☐ Unimpaired | [Insert treatment of unsecured creditors in this Class, including the form, amount and timing of distribution, if any.]<br>[Add administrative convenience class if applicable] |
| Class 4 - **Equity security holders of the Debtor** | ☐ Impaired<br>☐ Unimpaired | [Insert treatment of equity security holders in this Class, including the form, amount and timing of distribution, if any.] |

## Article 5: Allowance and Disallowance of Claims

5.01 **Disputed Claim** A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either:

(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 **Delay of distribution on a disputed claim** No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03 **Settlement of disputed claims** The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## Article 6: Provisions for Executory Contracts and Unexpired Leases

6.01 **Assumed executory contracts and unexpired leases**

(a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date:

[List assumed, or if applicable assigned, executory contracts and unexpired leases.]

(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than ____ days after the date of the order confirming this Plan.

## Article 7: Means for Implementation of the Plan

[Insert here provisions regarding how the plan will be implemented as required under § 1123(a)(5) of the Code. For example, provisions may include those that set out how the plan will be funded, including any claims reserve to be established in connection with the plan, as well as who will be serving as directors, officers or voting trustees of the reorganized Debtor.]

The Country Run Property will be liquidated via sale pursuant to the Settlement Agreement and will pay out from proceeds of that sale $115,000 to Anamarie Avila Bugarin and $55,000 to Oliver Bray to pay court-appointed fees for Bray, Vaughan, Hayes & Webster as set forth in paragraph 3.2 of the Mediated Settlement Agreement and Release of Claims signed June 14, 2019 between Debtor and the following parties and their counsel: the debtor's mother Anamaria Avila Bugarin represented by court-appointed counsel Oliver Bray; Judith Avila, represented by court appointed attorney Vaughan; Kelly Ann Hayes fiduciary and court-appointed temporary conservator, represented by Frederick Webster, Rosemary Avila Griffin; Jose-Luis Avila represented by Cara Lankford and Terrence Murphy, the court-appointed referee.

The Chapter 11 Trustee, Gina Klump, ("Trustee") will supervise the sale of the Country Run Property, including supervision of the real estate broker. Pursuant to 11 U.S.C. §363(h) the Trustee shall have the power to sell all interests in the Country Run Property.

The Trustee shall use either Mike Hyles of Re/max 1st Choice of Pleasanton, California, a broker with experience selling properties in bankruptcy and is the Debtor's choice, or Mark Shaw, of Re/Max Accord of Lafayette, CA, who was the realtor selected by the court appointed Receiver, Pamela Regutos.

The $115,000.00 distribution to Bugarin and the distribution of the $55,000.00 to court-appointed professionals as described in the Settlement shall be paid from escrow at the time of closing. The distribution of the $55,000 to professionals shall be made payable to Oliver Bray and subject to division by the parties referenced in the Settlement Agreement parties pursuant to their own agreement.

The Debtor will pay off the liens secured against the property, closing costs, including realtor fees, capital gain taxes, the secured lien of Demiris, administrative priority expenses of the bankruptcy estate and the remainder will fund the payment of general unsecured claims to the extent proceeds are available.

Any claims asserted by parties to the settlement agreement for breach of contract are disputed, contingent and unliquidated and, to the extent they are allowed, will be treated as Class 3 general unsecured claims. Debtor reserves any and all set off claims and counter claims for breach of contract and theft of personal property.

## Article 8: General Provision

| | | |
|---|---|---|
| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:<br>[Insert additional definitions if necessary]. |
| 8.02 | **Effective Date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding Effect:** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |

| | | |
|---|---|---|
| [8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of **California** govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.] |
| [8.07 | **Corporate Governance** | [If the Debtor is a corporation include provisions required by § 1123(a)(6) of the Code.] |
| [8.08 | **Retention of Jurisdiction** | Language addressing the extent and the scope of the bankruptcy court's jurisdiction after the effective date of the plan.] |

## Article 9: Discharge

[Include the appropriate provision in the Plan]

~~**[No Discharge -- Section 1141(d)(3) IS applicable.**~~

~~In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case.~~

~~**[Discharge -- Section 1141(d)(3) IS NOT applicable; use one of the alternatives below]**~~

~~*[The following 3 alternatives apply to cases in which a discharge is applicable and the Debtor **DID NOT** elect to proceed under Subchapter V of Chapter 11.]*~~

~~**[Discharge if the Debtor is an individual and did not proceed under Subchapter V]**~~

~~Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.~~

~~**[Discharge if the Debtor is a partnership and did not proceed under Subchapter V]**~~

~~On the effective date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt imposed by this Plan.~~

~~**[Discharge if the Debtor is a corporation and did not proceed under Subchapter V]**~~

~~On the effective date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:~~

~~(i) imposed by this Plan; or~~

~~(ii) to the extent provided in § 1141(d)(6).~~

~~*[The following 3 alternatives apply to cases in which the Debtor **DID** elect to proceed under Subchapter V of Chapter 11.]*~~

**[Discharge if the Debtor is an individual under Subchapter V]**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt:

(i) imposed by this Plan; or

(ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

If the Debtor's Plan is confirmed under § 1191(b), confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

(i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192;

or

(ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

~~**[Discharge if the Debtor is a partnership under Subchapter V]**~~

~~If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt imposed by this Plan.~~

~~If the Debtor's Plan is confirmed under § 1191(b), confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:~~

~~(i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192;~~

~~or~~

~~(ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.~~

~~**[Discharge if the Debtor is a corporation under Subchapter V]**~~

~~If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of~~

Case: 20-40377 Doc# 67 Filed: 04/17/20 Entered: 04/17/20 15:51:51 Page 6 of 11

~~this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:~~

~~(i) imposed by this Plan; or~~

~~(ii) to the extent provided in § 1141(d)(6).~~

~~If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:~~

~~(i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192;~~

~~or~~

~~(ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.~~

**Article 10: Other Provisions**

[Insert other provisions, as applicable.]

Respectfully submitted,

| | |
|---|---|
| *X* **/s/ Anamarie Avila Farias** | |
| [Signature of the Plan Proponent] | [Printed name] |
| *X* **/s/ Sarah Little** | **Sarah Little 215635** |
| [Signature of the Attorney for the Plan Proponent] | [Printed name] |

**Anamarie Farias** **20-40377 CN**

**Exhibit A - Liquidation Analysis**

**Real Property #1** **Address: 871 Vine Hill Way, Martinez, CA**

| Fair Market Value | | Liens | Cost of Sale | Resulting Income Tax | Amount of Exemption | Net Proceeds |
|---|---|---|---|---|---|---|
| $ 900,000.00 | 1st | $ 700,809.00 | | | $ 100,000.00 | $ - |
| | 2nd | $ 100,000.00 | | | | |
| | 3rd | | | | | |

**Real Property #2** **Address: 1234 Rolling Hill Court, Martinez, CA**

| Fair Market Value | | Liens | Cost of Sale | Resulting Income Tax | Amount of Exemption | Net Proceeds |
|---|---|---|---|---|---|---|
| $ 600,000.00 | 1st | $ 416,491.58 | $ 36,000.00 | $ 120,000.00 | | $ 27,508.42 |
| | 2nd | | | | | |
| | 3rd | | | | | |

**Real Property #3** **Address: 950 Country Run Dr., Martinez**

| Fair Market Value | | Liens | Cost of Sale | Resulting Income Tax | Amount of Exemption | Net Proceeds |
|---|---|---|---|---|---|---|
| $ 600,000.00 | 1st | $ 159,221.00 | $ 36,000.00 | $ 110,000.00 | | $ 91,588.30 |
| Bugarin | 2nd | $ 115,000.00 | | | | |
| Brays et al. | 3rd | $ 55,000.00 | | | | |
| Demiris | 4rd | $ 33,190.70 | | | | |

Personal Property:

| Description | Liquidation Value | Secured Claim | Amount of Exemption | Net Proceeds |
|---|---|---|---|---|
| Cash | $ 900.17 | | | $ 900.17 |
| Toyota Sienna 2008 | $ 3,700.00 | | $ 3,325.00 | $ 375.00 |
| Toyota Tacoma 2001 | $ 4,000.00 | | | $ 4,000.00 |
| Household Furnishings | $ 10,000.00 | | $ 10,000.00 | $ - |
| Jewelry | $ 11,000.00 | | $ 8,725.00 | $ 2,275.00 |
| Equipment | | | | $ - |
| Stocks and Investments | | | | $ - |
| Other Personal Property | $ 2,000.00 | | $ 2,000.00 | $ - |
| Total | | | | $ 7,550.17 |

| | | |
|---|---|---|
| Net Proceeds of Real Property and Personal Property (above) | | $ 126,646.89 |
| Recovery from Perferences/Fraudulent Conveyances | [ADD] | |
| Chapter 7 Administrative Claims | [SUBTRACT] | |
| Chapter 11 Administrative Claims | [SUBTRACT] | $ 20,000.00 |
| Priority Claims | [SUBTRACT] | |
| Chapter 7 Trustee Fees | [SUBTRACT] | $ 60,758.00 |
| Chatper 7 Trustee's Professionals | [SUBTRACT] | $ 10,000.00 |
| NET FUNDS AVAILABLE FOR DISTRIBUTION TO UNSECURED CREDITORS | | $ 35,888.89 |
| Estimated Amount of Unsecured Claims | | $ 165,919.00 |
| Percent Distribution to Unsecured Creditors Under Proposed Plan | | 33% |
| Percent Distribution to Unsecured Creditors Under Liquidation Analysis | | 22% |

**Anamarie Farias** **20-40377 CN**

**Exhibit B - Projected Financial Information**

| | | | |
|---|---|---|---|
| Proceeds from sale of 950 Country Run Dr., Martinez | | | $600,000.00 |
| 1st DOT | Chase | $ 159,221.00 | |
| Equitable interest of Bugarin | Anamaria Bugarin | $ 115,000.00 | |
| Equitable interest of Bugarin | Bray/Vaughan et. Al | $ 55,000.00 | |
| Attorney lien | Demiris | $ 33,190.70 | |
| Closing costs/real estate commissions | | $42,000.00 | |
| Capital Gains tax | | $110,000.00 | |
| Net proceeds to fund plan | | | $85,588.30 |
| Chapter 11 Admin Exp. (est) | | $ 30,000.00 | |
| Net distribution to general unsecured claims | | | $55,588.30 |

**Anamarie Farias** **20-40377 CN**

**Exhibit C - Treatment of Claims and Interests Under the Plan**

| Class | | Claimant | Impaired? | Treatment |
|---|---|---|---|---|
| **Class 1** | | **Priority Claims** | | |
| | | None | | |
| **Class 2** | | **Secured Claims** | **Impaired?** | **Treatment** |
| | 2.1 | Chase Mortgage/950 Country Run Dr. | No | Paid from proceeds of sale of collateral |
| | 2.2 | Specialized Loan Servicing/871 Vine Hill Way | No | Debtor will maintain monthly mortgage payments pursuant to contract |
| | 2.3 | Wells Fargo Home Mortgage/871 Vine Hill Way | Yes | The claim will be paid in full over 10 years/120 months at $781.00 per month starting 30 days after effective date of plan. |
| | 2.4 | Wells Fargo/1234 Rolling Hill Way | No | Debtor will maintain monthly mortgage payments pursuant to contract |
| | 2.5 | The Demiris Law Firm/Attorney Lien | No | Paid from proceeds of sale of Country Run Property |
| | 2.6 | Anamaria Bugarin | No | $115,000.00 Paid from proceeds of sale of Country Run Property |
| | 2.7 | Oliver Bray & related professionals | No | $55,000.00 Paid from proceeds of sale of Country Run Property |
| **Class 3** | | **Non Priority Unsecured Claims** | **Impaired?** | **Treatment** |
| | | MOHELA | Yes | Pro-rata distribution from proceeds of sale of real property. Est. 33% |
| | | David Sternberg, Attorney | Yes | Pro-rata distribution from proceeds of sale of real property. Est. 33% |
| | | Discover Financial | Yes | Pro-rata distribution from proceeds of sale of real property. Est. 33% |
| | | Citi/Sears | Yes | Pro-rata distribution from proceeds of sale of real property. Est. 33% |