OLIVER W. BRAY, ESQ. BAR NO. 122282
MONA NIA, ESQ., BAR NO. 314848
THE BRAY LAW FIRM
736 FERRY STREET
MARTINEZ, CALIFORNIA 94553
TELEPHONE (925) 228-2550
FACSIMILE (925) 370-8558

ATTORNEYS FOR
ANAMARIA AVILA BUGARIN

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>ANAMARIE AVILA FARIAS | Case No. 20-40377<br><br>ANAMARIA AVILA BUGARIN'S JOINDER IN JUDY AVILA'S MOTION FOR RELIEF FROM STAY RE: CONTRA COSTA COUNTY PROBATE CASES<br><br>Date: May 15, 2020<br>Time: 10:00 A.M.<br>Courtroom: 215<br>Courthouse: 1300 Clay Street<br>Oakland, CA 94612 |

Anamaria Avila Bugarin, ("Bugarin"), by and through her attorney of record, hereby joins in the Motion For Relief From Stay Re: Contra Costa County Probate Cases filed by Judy Avila, and the joinder in said motion filed by Jose Luis Avila on March 17, 2020.

1. The facts and procedures stated in the motion by Judy Avila and the joinder by Jose Luis Avila are confirmed and are restated herein by reference. Post the State Court confirmation of the settlement agreement, Bugarin fully complied with her obligations under the confirmed settlement. She deeded two parcels of real property to Debtor and received nothing in exchange. Debtor was to pay the funds from a certificate of deposit in the amount of approximately $26,000.00 to Bugarin's counsel, and Debtor was to proceed with selling the Country Run property to pay the agreed sum of $115,000.00 to her mother (Bugarin) and additional fees and costs to counsel. Instead, Debtor converted the CD and withdrew the funds



Case: 20-40377 Doc# 71 Filed: 05/13/20 Entered: 05/13/20 14:52:13 Page 1 of 3

from the bank for her own use. She refused to cooperate with the sale of the Country Run property. Bugarin petitioned in State Court for the appointment of a Receiver to list and sell the Country Run property, which petition was granted as to the Receiver and sale over objection. The remainder of the petition to enforce the settlement (claims for enforcement costs and Debtor's damages) was continued for trial setting. At the January 9, 2020 trial setting hearing, Debtor requested a continuance to a date after July, 2020, claiming an unspecified medical procedure. The trial court refused to extend the proceeding beyond February 27, 2020, and set another trial setting hearing and settlement conference for that date. Debtor filed this Chapter 11 proceeding approximately one week before the continued trial setting/settlement conference date.

2. Debtor is Acting in Bad Faith. Debtor has filed this Chapter 11 proceeding to impede, delay, forum shop, and obtain a tactical advantage regarding ongoing litigation in State Court. All of these factors amount to bad faith. In re Silberkraus (2000) 253 B.R. 890, 905.

3. This was basically a two party dispute in State Court and it should be resolved through the normal litigation process in that forum. As is further detailed in Silberkraus (id at P. 906), it is bad faith to file bankruptcy instead of continuing with the normal litigation process in the non-bankruptcy forum.

4. Debtor's Chapter 11 filing was primarily her attempt to reject the executory contract (settlement agreement). Debtor received the deeds to two properties that were titled in Bugarin's name alone, and she converted the $26,000.00 CD to her own use in breach of the settlement agreement. Debtor has received the benefits of the agreement yet has not paid any of her obligation resulting in a windfall and contrary to her agreement and court order. This is another example of her bad faith. In re Silberkraus (2000) 253 B.R. 890, 906.

5. Debtor Only Holds a Fifty Percent Interest in the Country Run Property. The Debtor's estate includes a fifty percent interest in the Country Run property and Bugarin holds the other fifty percent individually. This Court has no jurisdiction over Bugarin's interest in this property and, if the property is sold, Bugarin is entitled to her full equity share, net of only costs of sale and mortgage liens. If this Court is inclined to enforce the settlement agreement, it

must include the cost of enforcement thus far expended. The State Court is in a better position to enforce the agreement and assess the enforcement costs.

6. The State Court is the Proper Forum. The State Court issued its order appointing a Receiver to list and sell the property without further court involvement. The Contra Costa County Superior Court is lifting its restrictions due to the Covid-19 Pandemic Emergency, and the Probate Department is accepting filings and is setting matters for hearing. Contested matters and trial are being calendared, all with safety restrictions. The proper forum to adjudicate the enforcement of the settlement agreement is in State Court, which is now available to do so.

For the forgoing reasons, relief from stay should be granted so that the Contra Costa County Superior Court is able to proceed on the petition to enforce the settlement agreement.

Dated: May 13, 2020.

THE BRAY LAW FIRM
Attorneys for Anamaria Avila Bugarin

By______________________________
OLIVER W. BRAY