SARAH L. LITTLE, ESQ. (Bar No. 215635)
**KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE P.C.**
1970 Broadway, Suite 600
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: s.little@kornfieldlaw.com

Attorneys for Anamarie Avila Farias

KORNFIELD | NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600 Oakland, California 94612

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Anamarie Avila Farias,<br><br>Debtor. | Case No. 20-40377 CN<br><br>Chapter 11<br><br>**MOTION TO SELL REAL PROPERTY: 950 COUNTRY RUN DRIVE, MARTINEZ, CA** |
| | Date: TBD<br>Time: TBD<br>Ctrm:<br>Via video or teleconference<br>U.S. Bankruptcy Court<br>1300 Clay Street, 3rd Fl.<br>Oakland, CA 94612 |

**TO: LIENHOLDER: JP MORGAN CHASE BANK, N.A., GINA KLUMP, SUB CHAPTER 5 TRUSTEE, CREDITORS AND PARTIES-IN-INTEREST**

Anamarie Farias, Debtor-in-Possession, hereby submits this motion to permit the bankruptcy estate to sell real property pursuant to 11 U.S.C. § 363 located at 950 Country Run Road, Martinez, California. ("Country Run") as follows:

## I. FACTUAL BACKGROUND

1. On February 19, 2020, the debtor Anamarie Farias ("Debtor") filed for protection under Subchapter 5 of Chapter 11 of the Bankruptcy Code.

2. On April 17, 2020, the Debtor filed a proposed Chapter 11 Plan which has not yet been confirmed. The plan provides, among other things, that the Debtor would sell the Country Run Property as the primary funding source for the plan. The Debtor's mother, Anamarie Bugarin ("Bugarin") is also on title to the Country Run property.

3. On June 22, 2020, the Debtor and Bugarin employed Mike Hyles of ReMax 1st Choice as Broker/Realtor.

4. The property is currently occupied by a tenant, Russ Salva. The tenant has agreed to move and is expected to vacate the property not later than October 17, 2020.

## II. MARKETING AND OFFERS COUNTRY RUN ROAD

The property was listed for sale at $625,000.00. The property went on the market on July 2, 2020. Due to the COVID-19 Pandemic, no open houses were held. The tenant cooperated with the realtor to grant access to prospective buyers and multiple offers were generated. Entering into contract was hampered by issues with the tenant. Initially, the tenant was having difficulties securing new housing and accepting offers was complicated by the uncertainty created by the tenant not providing assurance he would vacate by close of escrow and the lack of buyers' willingness to purchase subject to the tenant. The current restrictions on evictions due to COVID-19 created barriers to a quick sale.

The Debtor worked hard to assist the tenant in securing housing and also worked on options for selling the property with the tenant in place. The Debtor, through the realtor, marketed the property starting early July and generated multiple offers and worked to secure a deal notwithstanding the difficulties presented by the tenant and current inability to evict due to Covid related restrictions. The tenant ultimately found a property to buy, and once the tenant confirmed he was in contract to purchase his real estate, the Debtor and Bugarin responded to the multiple offers on the property and were able to accept an offer above list price to sell the property for $632,500.

The purchase price equates to $424.50 per square foot. Based on the unit's condition, its needs for remodeling and the comparable values, this squire footage value is well within the range of value with other similar property. The Debtor has determined that this is a fair offer and

KORNFIELD | NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600 Oakland, California 94612

probably the best the Bankruptcy Estate is going to obtain at this time.

From the sales price of 632,500.00, the following will be paid out of escrow:

| **Lienholder** | **Amount** |
|---|---|
| JP Morgan Chase | $155,725 (est.) |
| Capital Gain (Federal & State) | 120,000 (est.) |
| Parkside 7266 HOA | $1,000 (est.) |
| Commission and escrow fees | $40,000 (est.) |
| Demiris Law Firm | $33,191 |
| | |
| **TOTAL** | **$349,916** |

Therefore, assuming the payments out of escrow are not increased, the total amount realized from the sale of Country Run will be approximately $282,584. These funds shall be turned over to the Sub Chapter 5 Trustee pending confirmation of a plan.

**LEGAL ARGUMENT**

**A. The Court Should Approve the Sale of Powell Street and Eagle Lake Under 11 U.S.C. §363(b) and 363(f).**

11 U.S.C. §363(b)(1) provides as follows:

> "(b)(1) The trustee, after notice and a hearing, may…sell…other than in the ordinary course of business, property of the estate,…"

* * *

"11 U.S.C. §363(f) provides as follows:

> (f) The trustee may sell property under subsection (b) or (c) free and clear of any interest in such property of any entity other than the estate, only if –

* * *

KORNFIELD NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600 Oakland, California 94612



Case: 20-40377 Doc# 83 Filed: 09/30/20 Entered: 09/30/20 17:10:13 Page 3 of 5

> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the value of all liens on such property.
>
> * * *

11 U.S.C. §363(b) authorizes a debtor to sell assets other than in the ordinary course of business after notice of hearing. *In re Qintex Entertainment, Inc.* 950 F.2d 1492, 1495 (9th Cir. 1991). Federal Rules of Bankruptcy Procedure (FRBP) 6004(f)(1) provides that the sale of property outside the ordinary course of business may be by private sale or public auction. One of the most obvious business justifications in the sale of estate assets is the ultimate purpose of obtaining the highest price for the property sold. *In re Wilde Horse Enterprise, Inc.*, 136 B.R. 830, 841 Bkrtcy. C.D. Cal. 1991. In approving any sale outside of the ordinary course of business, the court must not only articulate sufficient business reason for the sale, it must further find it is in the best interest of the estate, i.e. its fair and reasonable, it has been given adequate marketing, and that it has been negotiated and proposed in good faith, that the purchasers are proceeding in good faith, and that the sale transaction is an "arms-length" transaction. *Id.*

Here, the Bankruptcy Estate avers there are enough reasons for this sale.

Sale of the property is necessary to fund the proposed Subchapter 5 of Chapter 11 Plan. It is expected that the sale will net enough proceeds to pay claims as proposed by the plan.

Second, sale of the property is necessary to perform the Debtor's obligations under the settlement agreement ("Settlement Agreement") entered into with the bulk of the creditors in this case in the pre-petition litigation related to two conservatorship petitions ("Conservatorship Actions") in Contra Costa County Superior Court as cases MSP18-00955 and MSP18-00956; for temporary restraining orders and applications for restraining orders being case numbers N18-0492, D1902642 and D1902641 (these and the Conservatorship Actions, the "Actions");

Third, the Debtor and certain creditors have reached an agreement as to the treatment of claims in exchange for votes in favor of the plan. The stipulation has not been executed but the financial terms have been agreed to. The agreement requires sale of the Country Run Property

KORNFIELD | NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600 Oakland, California 94612

and a Court order approving the sale.

Third, the sales price is fair and reasonable and the result of significant marketing by the broker. The Purchase Agreement was negotiated in good faith and the purchasers are proceeding in good faith and this is clearly an arms-length transaction.

Therefore, the motion to sell Country Run Road should be granted.

## III. WAIVER OF FRBP 6004(h) IS APPROPRIATE

Finally, the movant requests that the stay imposed by FRBP 6004(h) upon orders authorizing the use, sale or lease of property be waived under the circumstances of this case. It is in the interest of creditors and the estate that the sales be consummated as quickly as possible without any stay pending appeal. It appears to be no prejudice that will result from the waiver of 14-day stay of FRBP 6004(h).

## IV. CONCLUSION

Based on the foregoing, movant requests that the Court grant the Motion to approve the sales on the terms set forth herein and in the attached Purchase Agreement for the Country Run Property.

Dated: September 30, 2020

Kornfield, Nyberg, Bendes, Kuhner & Little, P.C.

By:/s/ Sarah Little
(Bar No. 215635)
Attorneys for the Debtor-in-Possession,
Anamarie Farias

KORNFIELD | NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600 Oakland, California 94612