UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:

**ANAMARIE AVILA FARIAS**

Debtor(s)_______________________________/

Chapter 11
Case No. **20-40377 CN**

OBJECTION TO CLAIM; NOTICE OF OPPORTUNITY FOR HEARING; CERTIFICATE OF SERVICE
CLAIMANT: RUSSELL SALVA
CLAIM NO: 8

The Debtor(s) [or Trustee] object(s) to the allowance of the claim described as:

| NAME & ADDRESS OF CLAIMANT (as set forth on Proof of Claim) | DOLLAR AMT | DATE FILED |
|---|---|---|
| Russell Salva<br>950 Country Run Dr.<br>Martinez, CA 94553<br><br>Russell Salva<br>4520 Casa Court<br>Oakley, CA 94561 | $5,512.00 | 4/9/2020 |

The first page of the Proof of Claim is attached hereto as Exhibit A.

The basis for the objection is that the claim:

___ duplicates claim no. ______ filed on ____________________ by ___________________________________.
___ does not include a copy of the underlying judgment.
___ does not include a copy of the security agreement and evidence of perfection.
___ fails to assert grounds for priority.
___ does not include a copy of the assignment(s) upon which it is based.
___ appears to include interest or charges accrued after the filing of this case on ______________________.
___ is not timely filed.
_x__ Claim is for security deposit and reimbursement for heater replacement. Claimant was the tenant at 950 Country Run Drive, Martinez, CA 94553 until property was sold post-petition. Claim for security deposit did not arise pre-petition. Damage to property exceeds amount of claim and amount of claimed reimbursement for heater so no funds are due to claimant. A copy of the lease agreement is attached as Exhibit B. A copy of the notice of damage is attached as Exhibit C.

The Objecting Party will ask the Court to enter an Order providing that the claim is:

___ allowed as a secured claim in the amount of: $______________________.
___ allowed as an unsecured claim in the amount of: $______________________.
___ allowed as a priority claim in the amount of: $______________________.
__x_ disallowed in its entirety
___ ____________________________________________________________.

**NOTICE IS HEREBY GIVEN**, pursuant to FRBP 3007 as modified by Local Rule 9014 that: (1) Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 30 days of mailing the notice;

(2) Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;

(3) If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default.

(4) In the event of a timely objection or request for hearing, the initiating party will give at least seven days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.

Dated:_February 18, 2021 _

DEBTOR(S') ADDRESS:
Anamarie Avila Farias
871 Vine Hill Way
Martinez,CA 94554

___/s//Sarah Little_______________________________________
[Attorney for] Objecting Party
KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE
1970 Broadway, Suite 600
Oakland, CA 94612
510-763-1000

CERTIFICATE OF SERVICE

I am not less than 18 years of age and not a party to the within case. My business address is: 1970 Broadway, Suite 600, Oakland, CA 94612 I served this OBJECTION TO CLAIM; NOTICE OF OPPORTUNITY FOR HEARING by first-class United States Mail, postage pre-paid, at Oakland, California, on the date noted below and addressed to the Claimant above, and on those listed below. If entitled to notice, the Chapter 13 Trustee and the US Trustee will receive such notice upon the electronic filing of this document I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: _February 18, 2021_ at _San Ramon_, California. _/s/SARAH LITTLE_______________

Rev. 5/2016

# EXHIBIT A

## Fill in this information to identify the case:

Debtor 1 Anamarie Farias

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court **California Northern Bankruptcy Court**

Case number: **20−40377**

FILED
**U.S. Bankruptcy Court**
**California Northern Bankruptcy Court**
4/9/2020
**Edward J. Emmons, Clerk**

Official Form 410

# Proof of Claim

**04/19**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Russell Salva
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Russell Salva
Name

950 country run dr
Martinez, CA 94553

Contact phone 9254082806

Contact email russsalva@gmail.com

**Where should payments to the creditor be sent?** (if different)

Name

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ________ Filed on ________ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing?

# EXHIBIT B

## Fixed-Term Residential Lease

1. **Identification of Landlord and Tenants.** This Agreement is made and entered into on **January 10, 2008**, between **Russell R. Salva** ("Tenants") and Isidro & Anamarie Farias ("Landlord"). Each Tenant is jointly and severally liable for the payment of rent and performance of all other terms of this Agreement.

2. **Identification of Premises and Occupants.** Subject to the terms and conditions set forth in this Agreement, Landlord rents to Tenants, and Tenants rent from Landlord, for residential purposes only, the premises located at 950 Country Run Drive, Martinez, California ("the premises"). The premises shall be occupied by the undersigned Tenants and the following minor children: **Son**.

3. **Limits on Use and Occupancy.** The premises are to be used only as a private residence for Tenants and any minors listed in Clause 2 of this Agreement, and for no other purpose without Landlord's prior written consent. Occupancy by guests for more than ten days in any six-month period is prohibited without Landlord's written consent and shall be considered a breach of this Agreement.

4. **Defining the Term of the Tenancy.** The term of the rental shall begin on **January 10, 2008**, and shall expire on **January 10, 2009**. Should Tenants vacate before expiration of the term, Tenants shall be liable for the balance of the rent for the remainder of the term, less any rent Landlord collects or could have collected from a replacement tenant by reasonably attempting to re-rent. Tenants who vacate before expiration of the term are also responsible for Landlord's costs of advertising for a replacement tenant.

5. **Amount and Schedule for the Payment of Rent.** Tenants shall pay to Landlord a monthly rent of **$1,775.00**, payable in advance on the **1st** day of each month, except when that day falls on a weekend or legal holiday, in which case rent is due on the next business day. Rent shall be paid to Anamarie A. Farias at 525 Green Street, Martinez, CA 94553 or at such other place as Landlord shall designate from time to time.

   a. The form of payment shall be: [ ] cash [X] personal check [X] certified funds or money order [ ] credit card [ ] automatic credit card debit [ ] bank debit

   [ ] b. *[Check if rent will be accepted personally, not by mail]* Rent is accepted during the following days and hours: ________________.

[ ] c. *[Check if rent will be paid by electronic funds transfer.]* Rent may be paid by electronic funds transfer to account number _______________ in the name of *[Account Holders]* _______________ at *[Bank]* _____________, *[Branch]* _______________ branch, a financial institution located at *[Address]* _______________, telephone (___)__________.

d. On signing this Agreement, Tenants shall pay to Landlord for the period of N/A, through N/A, the sum of $0.00 as rent, payable in advance.

6. **Late Charges.** Tenants shall pay Landlord a late charge if Tenants fail to pay the rent in full within 5 days after the date it is due. The late charge shall be $25.00, plus $1.00 for each additional day that the rent continues to be unpaid. The total late charge for any one month shall not exceed $60.00. Landlord does not waive the right to insist on payment of the rent in full on the date it is due.

7. **Returned Check and Other Bank Charges.** In the event any check offered by Tenants to Landlord in payment of rent or any other amount due under this Agreement is returned for lack of sufficient funds, a "stop payment" or any other reason, Tenants shall pay Landlord a returned check charge in the amount of $15.00.

8. **Amount and Payment of Deposits.** On signing this Agreement, Tenants shall pay to Landlord the sum of **$1,775.00 (provided w/ First Year Rental Agreement)** as a security deposit. Tenants may not, without Landlord's prior written consent, apply this security deposit to the last month's rent or to any other sum due under this Agreement. Within three weeks after Tenants have vacated the premises, Landlord shall furnish Tenants with an itemized written statement of the reasons for, and the dollar amount of, any of the security deposit retained by the Landlord, along with a check for any deposit balance. Under Section 1950.5 of the California Civil Code, Landlord may withhold only that portion of Tenants' security deposit necessary to: (1) remedy any default by Tenants in the payment of rent; (2) repair damages to the premises exclusive of ordinary wear and tear; and (3) clean the premises if necessary.

Landlord shall pay Tenants interest on all security deposits as follows:

[ X ] a. Per state law, no interest payments are required.

[ ] b. Local law requires that interest be paid or credited, which shall occur as follows:

______________________

9. **Utilities.** Tenants shall be responsible for payment of all utility charges, except for the following, which shall be paid by Landlord: ______________

[ ] Tenants' gas or electric meter serves area(s) outside of their premises, and there are not separate gas and electric meters for Tenants' unit and the area(s) outside their unit. Tenants and Landlord agree as follows: ________________________

10. **Prohibition of Assignment and Subletting.** Tenants shall not sublet any part of the premises or assign this Agreement without the prior written consent of Landlord.

11. **Condition of the Premises.** Tenants agree to: (1) keep the premises clean and sanitary and in good repair and, upon termination of the tenancy, to return the premises to Landlord in a condition identical to that which existed when Tenants took occupancy, except for ordinary wear and tear; (2) immediately notify Landlord of any defects or dangerous conditions in and about the premises of which they become aware; and (3) reimburse Landlord, on demand by Landlord, for the cost of any repairs to the premises damaged by Tenants or their guests or invitees through misuse or neglect.

Tenants acknowledge that they have examined the premises, including appliances, fixtures, carpets, drapes and paint, and have found them to be in good, safe and clean condition and repair, except as noted here: _________________

12. **Possession of the Premises.** If, after signing this Agreement, Tenants fail to take possession of the premises, they shall still be responsible for paying rent and complying with all other terms of this Agreement. In the event Landlord is unable to deliver possession of the premises to Tenants for any reason not within Landlord's control, including, but not limited to, failure of prior occupants to vacate or partial or complete destruction of the premises, Tenants shall have the right to terminate this Agreement. In such event, Landlord's liability to Tenants shall be limited to the return of all sums previously paid by Tenants to Landlord.

13. **Pets.** No animal, bird or other pet shall be kept on the premises without Landlord's prior written consent, except properly trained dogs needed by blind, deaf or physically disabled persons and:

[ ] a. None.



Case: 20-40377 Doc# 106 Filed: 02/18/21 Entered: 02/18/21 22:16:13 Page 8 of 21

14. **Landlord's Access for Inspection and Emergency.** Landlord or Landlord's agents may enter the premises in the event of an emergency, to make repairs or improvements, supply agreed services and show the premises to prospective buyers or tenants. Except in cases of emergency, Tenants' abandonment of the premises or court order, Landlord shall give Tenants reasonable notice of intent to enter and shall enter only during regular business hours of Monday through Friday from 9:00 a.m. to 6:00 p.m. and Weekends from 10:00 a.m. to 5:00 p.m.

15. **Extended Absences By Tenants.** Tenants agree to notify Landlord in the event that they will be away from the premises for 10 consecutive days or more. During such absence, Landlord may enter the premises at times reasonably necessary to maintain the property and inspect for damage and needed repairs.

16. **Prohibitions Against Violating Laws and Causing Disturbances.** Tenants shall be entitled to quiet enjoyment of the premises. Tenants and their guests or invitees shall not use the premises or adjacent areas in such a way as to: (1) violate any law or ordinance, including laws prohibiting the use, possession or sale of illegal drugs; (2) commit waste or nuisance; or (3) annoy, disturb, inconvenience or interfere with the quiet enjoyment and peace and quiet of any other tenant or nearby resident.

17. **Repairs and Alterations**

    a. Tenants shall not, without Landlord's prior written consent, alter, re-key or install any locks to the premises or install or alter any burglar alarm system. Tenants shall provide Landlord with a key or keys capable of unlocking all such re-keyed or new locks as well as instructions on how to disarm any altered or new burglar alarm system.

    b. Except as provided by law or as authorized by the prior written consent of Landlord, Tenants shall not make any repairs or alterations to the premises.

18. **Damage to the Premises.** In the event the premises are partially or totally damaged or destroyed by fire or other cause, the following shall apply:

    a. If the premises are totally damaged and destroyed, Landlord shall have the option to: (1) repair such damage and restore the premises, with this Agreement continuing in full force and effect, except that Tenants' rent shall be abated while repairs are being made;



Case: 20-40377 Doc# 106 Filed: 02/18/21 Entered: 02/18/21 22:16:13 Page 9 of 21

or (2) give written notice to Tenants terminating this Agreement at any time within thirty (30) days after such damage, and specifying the termination date; in the event that Landlord gives such notice, this Agreement shall expire and all of Tenants' rights pursuant to this Agreement shall cease.

b. Landlord shall have the option to determine that the premises are only partially damaged by fire or other cause. In that event, Landlord shall attempt to repair such damage and restore the premises within thirty (30) days after such damage. If only part of the premises cannot be used, Tenants must pay rent only for the usable part, to be determined solely by Landlord. If Landlord is unable to complete repairs within thirty (30) days, this Agreement shall expire and all of Tenants' rights pursuant to this Agreement shall terminate at the option of either party.

c. In the event that Tenants, or their guests or invitees, in any way caused or contributed to the damage of the premises, Landlord shall have the right to terminate this Agreement at any time, and Tenants shall be responsible for all losses, including, but not limited to, damage and repair costs as well as loss of rental income.

d. Landlord shall not be required to repair or replace any property brought onto the premises by Tenants.

19. **Tenants' Financial Responsibility and Renters' Insurance.** Tenants agree to accept financial responsibility for any loss or damage to personal property belonging to Tenants and their guests and invitees caused by theft, fire or any other cause. Landlord assumes no liability for any such loss. Landlord recommends that Tenants obtain a renter's insurance policy from a recognized insurance firm to cover Tenants' liability, personal property damage and damage to the premises.

20. **Waterbeds.** No waterbed or other item of water-filled furniture shall be kept on the premises without Landlord's written consent.

[ ] Landlord grants Tenants permission to keep water-filled furniture on the premises. Attachment _____: Agreement Regarding Use of Waterbed is attached to and incorporated into this Agreement by reference.

21. **Tenant Rules and Regulations**

[ ] Tenants acknowledge receipt of, and have read a copy of, tenant rules and regulations,



Case: 20-40377 Doc# 106 Filed: 02/18/21 Entered: 02/18/21 22:16:13 Page 10 of 21

which are labeled Attachment and attached to and incorporated into this Agreement by reference.

22. **Payment of Attorney Fees in a Lawsuit.** In any action or legal proceeding to enforce any part of this Agreement, the prevailing party [ ] shall not/ [ X ] shall recover reasonable attorney fees and court costs.

23. **Authority to Receive Legal Papers.** Any person managing the premises, the landlord and anyone designated by the landlord are authorized to accept service of process and receive other notices and demands, which may be delivered to:

[ ] a. the manager, at the following address and telephone number:

______________________

[X ] b. the Landlord, at the following address and telephone number: 525 Green Street, Martinez, Ca 94553 – (925-639-8850)

[ ] c. the following: ____________________

24. **Additional Provisions**

[ ] a. None.

[ ] b. Additional provisions are as follows:

25. **State Database Disclosure.** Notice: The California Department of Justice, sheriff's departments, police departments serving jurisdictions of 200,000 or more and many other local law enforcement authorities maintain for public access a database of the locations of persons required to register pursuant to paragraph (1) of subdivision (a) of Section 290.4 of the Penal Code. The database is updated on a quarterly basis and is a source of information about the presence of these individuals in any neighborhood. The Department of Justice also maintains a Sex Offender Identification Line through which inquiries about individuals may be made. This is a "900" telephone service. Callers must have specific information about individuals they are checking. Information regarding neighborhoods is not available through the "900" telephone service. (Civil Code Sec. 2079.10a)

26. **Grounds for Termination of Tenancy.** The failure of Tenant or Tenant's guests or invitees to comply with any term of this Agreement, or the misrepresentation of any material fact on Tenant's Rental Application, are grounds for termination of the tenancy, with

appropriate notice to Tenant and procedures as required by law.

27. **Entire Agreement.** This document constitutes the entire Agreement between the parties, and no promises or representations, other than those contained here and those implied by law, have been made by Landlord or Tenants. Any modifications to this Agreement must be in writing signed by Landlord and Tenants. The failure of Tenants or their guests or invitees to comply with any term of this Agreement is grounds for termination of the tenancy, with appropriate notice to tenants and procedures as required by law.

[signature] 12/10/07
Isidro Farias Date
Landlord

Anamarie A. Farias 12/10/07
Anamarie A. Farias Date
Landlord

Landlord/Manager's Street Address:

**525 Green Street**
**Martinez, CA 94553**

RUSSELL R SALVA
Tenant Name (Print)

[signature]
Tenant Signature

12-18-07
Date

Tenant Name (Print)

Tenant Signature

Date

# EXHIBIT C

October 25, 2020

Russ Salva
950 Country Run Drive
Martinez, CA 94553

**Re: Security Deposit - 950 Country Run Property Damage**

Dear Mr. Salva,

I writing to inform you that I and Mike Hyles, real estate with Re/max 1st Choice, have reported to the Court through our attorney, Sara Little, that you have vacated **950 Country Run Drive** as of **October 19, 2020.**

We will also be reporting that you denied unit access to escrowed buyer and interfered with home sell numerous times throughout sales process. You attempted to hinder our real estate agent's ability to perform on our behalf per our sales agreement several times resulting in us having to intervene which created unnecessary delays of sale, drama, and increased costs.

Most importantly, you refused to allow access to the escrowed buyer to perform the final walk-thru to complete sale which resulted in us issuing a 24-hour written notice to access unit on October 18, 2020 which was delivered to you in person and was video recorded. You and your son continued with your unruly, uncooperative, and belligerent behavior refusing to perform to your signed residential lease agreement executed on December 18, 2007.

Beyond your lack of cooperation with the sale of our 950 Country Run property, you refused a walk-thru inspection of the unit and failed to return the keys. This is in addition to you failing to provide a forwarding address. This inspection was critical especially since you knew there was significant property damage beyond ordinary wear and tear, and you had made home modifications that were not authorized by me.

We will be submitting the attached itemized claim below against your security deposit which is insufficient to cover the property damage inflicted by your tenancy which is way beyond the ordinary wear and tear. We will also be requesting that the court deny your alleged claim given your damages to the home that exceeded the security deposit and your claim request.

**Per our signed and executed lease agreement we will be** withholding your security deposit necessary to: (2) repair damages to the premises exclusive of ordinary wear and tear; and (3) clean the premises if necessary. In addition, its apparent significant damage was created by your pets which you failed to receive written consent for having pets and having other household occupants. The addition of pets and other occupants contributed to damage of the unit. You had your mother occupy the unit and 1-2 pets (dogs) that were housed in unit without approval. You also failed to submit a pet deposit of $500. Below are the breaches of agreement that occurred regarding the property damage and unauthorized alterations:

> ***3. Limits on Use and Occupancy.*** *The premises are to be used only as a private residence for Tenants and any minors listed in Clause 2 of this Agreement, and for no other purpose without Landlord's prior*


Case: 20-40377 Doc# 106 Filed: 02/18/21 Entered: 02/18/21 22:16:13 Page 14 of 21

*written consent. Occupancy by guests for more than ten days in any six-month period is prohibited without Landlord's written consent and shall be considered a breach of this Agreement.*

***11. Condition of the Premises.*** *Tenants agree to: (1) keep the premises clean and sanitary and in good repair and, upon termination of the tenancy, to return the premises to Landlord in a condition identical to that which existed when Tenants took occupancy, except for ordinary wear and tear; (2) immediately notify Landlord of any defects or dangerous conditions in and about the premises of which they become aware; and (3) reimburse Landlord, on demand by Landlord, for the cost of any repairs to the premises damaged by Tenants or their guests or invitees through misuse or neglect.*

***13. Pets.*** *No animal, bird or other pet shall be kept on the premises without Landlord's prior written consent, except properly trained dogs needed by blind, deaf or physically disabled persons and:*

***14. Landlord's Access for Inspection and Emergency.*** *Landlord or Landlord's agents may enter the premises in the event of an emergency, to make repairs or improvements, supply agreed services and show the premises to prospective buyers or tenants. Except in cases of emergency, Tenants' abandonment of the premises or court order, Landlord shall give Tenants reasonable notice of intent to enter and shall enter only during regular business hours of Monday through Friday from 9:00 a.m. to 6:00 p.m. and Weekends from 10:00 a.m. to 5:00 p.m.*

***17. Repairs and Alterations a****. Tenants shall not, without Landlord's prior written consent, alter, re-key or install any locks to the premises or install or alter any burglar alarm system. Tenants shall provide Landlord with a key or keys capable of unlocking all such re-keyed or new locks as well as instructions on how to disarm any altered or new burglar alarm system. b. Except as provided by law or as authorized by the prior written consent of Landlord, Tenants shall not make any repairs or alterations to the premises.*

In summary, your lack of cooperation during the sale of this property along with your refusal to vacate the unit in a timely manner as was required it is necessary to back charge you. The charges are for damage you have caused to the unit and costs I incurred for the cleaning and disposal of items left behind. In addition to this, as noted above you violated the agreement and this property damage has now resulted in financial consequences. Please feel free to call me on my cell phone if you have any questions.

Sincerely,

Anamarie Avila Farias

Anamarie Avila Farias

Attachments

**Attachment 1**

## Photos Taken Once Unit Had Been Vacated


Dirty Kitchen Cabinets


Dirty Walls, Baseboard & Floors


Dirty Kitchen Cabinets


Dirty Stove Oven & Stove Top


Dirty/Damaged Carpet (Stained with Pet Urine throughout House)


Damaged Refrigerator



Dirty/Damaged Carpet (Stained with Human Urine in Bathroom)



Dirty/Damaged Carpet (Stained with Pet Urine throughout House)



Damaged Wall (with Bad Repair Job)



Missing Glass Closet Doors & Also Stained, Dirty & Chipped Walls



Damaged Door Trim & Base



Damaged Door (Replaced and not Painted)



Dirty & Damaged Bathroom



Dirty & Damaged Bathroom


Dirty/Damaged Carpet (Stained with Pet Urine throughout House)


Garbage Left In Garage


Garbage Left In Garage



Garbage Left In Garage



Old Refrigerator Left in Garage



Garbage Left in Backyard



Fence Modified without Permission



Garbage Left in Backyard

**Attachment 2**

## Summary of Costs Attributed to Tenant Damage to Unit

| Item | Cost | Notes |
|---|---|---|
| **Damage to Existing Wall @ 2nd Floor Hallway** | $1,000 | *Wall was repaired without authorization and the repair was not well done as the paint does not match and the texture does not match the existing wall texture. The area of repair/hole was about 8' wide by 4' high)* |
| **Missing Glass Mirrored Closet Doors** | $800 | *Full size mirror doors were removed from the bedroom* |
| **Debris Removal from Garage & Backyard** | $120 | *Required three trips to dump to discard all debris left in the garage and the backyard* |
| **Cleaning of Unit** | $700 | *It took two full days to clean the unit.* |
| **Repair of Backyard Fence** | $500 | *Tenant cut a portion of the backyard fence and added a door to the fence. This was not authorized.* |
| **Carpet Replacement Throughout Entire House** | $5,000 | *The carpet was left in a damaged condition that would require complete replacement.* |
| **Painting of Unit Required** | $2,500 | *Walls throughout were dirty and unable to be cleaned. Wall damage throughout that require repairs.* |
| **Exterior Cleaning & Driveway Grease Cleaning** | $150 | *The concrete driveway was stained with oil stains and exterior at entry and garage had to be power washed to remove stains.* |
| **Total Damages Caused by Tenant =** | **$10,770** | |